# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JENNIFER L. LOMBRANO                )
3808 Crozier Lane                   )
Big Lake, Alaska 99652              )
                                    )
   *Plaintiff,*     )
                                    )
v.                                  )  Civil Action No.
                                    )
DEPARTMENT OF THE AIR FORCE         )
1690 Air Force Pentagon             )
Washington, DC 20330-1670           )
                                    )
   *Defendant.*     )
                                    )

## COMPLAINT

### (Privacy Act, 5 U.S.C. § 552a)

### *Jurisdiction*

1.  The Court has jurisdiction under 28 U.S.C. § 1331 and under 5 U.S.C. § 552a(g)(1), which provides for redress in the District Courts based upon violations of the Privacy Act. A damages award is requested for the harm caused by the unlawful and intentional release of information maintained by Defendant.

### *Venue*

2.  Venue is proper under 5 U.S.C. § 552a(g)(5) and 28 U.S.C. §1391.

### *Parties*

3.  Plaintiff, Ms. Jennifer Lombrano, is a citizen of the United States who resides at the address stated in the caption, and who at the time of the incident that led to this lawsuit was serving as a commissioned officer in the United States Public Health Service until she was

honorably retired in February 2021.

4.   Defendant, the United States Air Force, is an agency of the United States that maintains records as provided for under the Privacy Act.

### *Statute of Limitations*

5.  Under the Privacy Act, suit must be brought within two years of the date on which the action arises.  5 U.S.C. § 552a(g)(5).  Plaintiff became aware of the disclosures at issue in this case on or about August 2020.  The case is, thus, timely filed.

### *Statutory Framework*

6.  As defined in the Privacy Act, "maintain" includes various record keeping functions to which the Act applies:   i.e., maintaining, collecting, using, and disseminating. 5 U.S.C. § 552a(a)(3).

7.  In turn, this connotes control over and responsibility and accountability for systems of records.  5 U.S.C. § 552a(a)(3).

8.   The Department of the Air Force is required to maintain personnel records on all members of the federally recognized units and organizations of the Air Force.  10 U.S.C. § 10204.

9.  Such records are records within the meaning of the Privacy Act.

10.  Such records need not be physically located in the agency for them to be maintained by the agency.

### *Predicate Factual Background*

11.  In May 1998, Plaintiff graduated from St. Mary's University in San Antonio, Texas with a Bachelor of Arts degree in Biology.

2

12. Plaintiff was subsequently awarded a Doctor of Dental Surgery from the University of Texas Health Science Center at San Antonio, Texas in May, 2002.

13. In June 2006, Plaintiff completed an Advanced General Practice Residency at the Alaska Native Medical Center, Anchorage, Alaska.

14. Thereafter, Plaintiff completed an Oral and Maxillofacial Surgical Residency at the Womack Army Medical Center, Fort Bragg, North Carolina in September, 2010.

15. As noted, Plaintiff served as an Oral and Maxillofacial surgeon for the United States Public Health Service.

16. In that capacity, Plaintiff was assigned, pursuant to a Memorandum of Agreement, to the SouthCentral Foundation, Anchorage, Alaska where she served as an Oral and Maxillofacial surgeon on active duty, serving as a commissioned corps officer in the United States Public Health Service from 2005 until she was terminated on September 2, 2020.

17. The SouthCentral Foundation is an Alaska Native-owned, nonprofit health care organization serving nearly 65,000 Alaska Native and American Indian people living in Anchorage, Matanuska-Susitna Borough and 55 rural villages.

18. After her pending retirement, Plaintiff intended to maintain her position with the SouthCentral Foundation.

### *The Unlawful and Improper Dissemination of Information Maintained by the Air Force in Plaintiff's Case*

19. The averments of the preceding paragraphs are incorporated herein.

20. In August 2020, Plaintiff was suffering from severe panic attacks resulting from personal and professional issues that arose.

3

21. On or about August 14, 2020, Plaintiff consulted with her supervisor at SouthCentral Foundation, Abby Debonis, who advised Plaintiff to take some time off and Ms. Debonis advised her to do a "walk-in" to the Behavioral Health Clinic, Joint Base Elmendorf-Richardson Hospital, Anchorage, Alaska.

22. Public Health Service officers receive their health care at Department of Defense Medical Treatment Facilities like Joint Base Elemendorf-Richardson Hospital.

23. On or about August 14, 2020, Plaintiff was treated by the on-call outpatient mental health care provider at Joint Base Elemendorf-Richardson with whom she confided that she had intended to seek treatment at the Schick Shadel Hospital, a 10-day treatment facility for alcohol and drug rehabilitation in Seattle, Washington.

24. That outpatient treatment provider recommended that the Plaintiff stay overnight and get medical attention since she had a history of cardiac ablation in May 2019.

25. The provider told her that the next day she would be able to make her treatment arrangements and they would also give her options for treatment programs that were covered by Tricare insurance.

26. Plaintiff understood that she would be admitted to Internal Medicine Service but when she was taken to the floor, she was instead escorted to the inpatient Behavioral Health Unit, essentially this was a psych ward behind locked doors.

27. When Plaintiff questioned this, the Airman said the Internal Medicine floor was full.

28. During the course of the admission, Plaintiff's belongings were confiscated and inventoried.

29. During that inventory, hospital officials seized three 2 milligram Gummy Bears

4

infused with THC, the metabolite for marijuana.

30. After being summoned by the Behavioral Health Center, law enforcement investigator, Wyatt Eichner, arrived with a drug dog, seized the Gummy Bears and questioned the Plaintiff, who disclosed that the THC Gummy Bears did not belong to her, but that she had been on a camping trip with friends who must have left them in the bag, which they had shared.

31. The following day, August 15, 2020, Plaintiff and her husband, William Crabtree, Sr., who is also a medical health care provider, met with Colonel Christine Campbell, USAF, the attending psychiatrist, in the inpatient Behavioral Clinic at Joint Base Elemendorf-Richardson and explained that Plaintiff intended to seek treatment at an inpatient facility in Seattle, Washington, having been approved leave.

32. Colonel Campbell disclosed that she had already contacted SouthCentral Foundation, that she has spoken with Plaintiff's supervisor and that she had disclosed Plaintiff's medical condition and her current mental state.

33. On August 16, 2020, while in treatment, Plaintiff was told by her supervisor, Dr. Debonis, that Colonel Campbell in fact had contacted the HR department and told them that she was impaired, mentally unstable, had an alcohol problem and now had a drug charge for possession of an illegal substance.

34. On August 17, 2020, Plaintiff made a complaint to Colonel Sunderland, the Mental Health Flight Commander about this HIPPA violation.

35. While Colonel Sunderland indicated she would investigate the matter, upon information and belief, no investigation occurred.

36. Based upon the unlawful disclosures by Air Force personnel, in a September 2, 2020

letter, Karen McIntire, the Senior Director of Human Resource for SouthCentral Foundation, summarily terminated Plaintiff's assignment.

37.  Plaintiff must now, as a result and to her detriment, disclose her termination and the grounds therein if she seeks employment.

38.  Upon information and belief, Defendant, through its agents, intentionally or willfully disclosed and released the contents of confidential records pertaining to Plaintiff, without contacting Plaintiff or making reasonable efforts to assure that the information contained within the records were "accurate, complete, timely, and relevant for agency purposes," in violation of 5 U.S.C. § 552a(e)(6).

39.  Upon information and belief, Defendant, through its agents, violated 5 U.S.C. § 552a(e)(9) by intentionally or willfully failing to establish and implement rules of conduct for persons involved in the design, development, operation or maintenance of any system of records, or in maintaining any record, and Defendant has failed to instruct each person with respect to such rules and the penalties for non-compliance.

40.  Upon information and belief, Defendant, through its agents, violated 5 U.S.C. § 552a(e)(10) by intentionally or willfully failing to establish appropriate administrative, technical and physical safeguards to ensure the security and confidentiality of records and to protect against any anticipated threats or hazards to their security or integrity which could result in substantial harm, embarrassment, inconvenience, or unfairness to any individual on whom information is maintained.

41.  Plaintiff has suffered both economic and non-economic damages due to the unlawful and intentional disclosure of this confidential information.

*Legal Claim*

**The actions of the United States Air Force violated the Privacy Act.**

42.  The averments of the preceding paragraphs are incorporated herein.

43.  The USAF, acting for Defendant, maintained records within the meaning of the Privacy Act regarding Plaintiff.

44. Colonel Campbell, acting for Defendant, intentionally or willfully disclosed and released the contents of confidential records pertaining to Plaintiff, without making any reasonable efforts to assure that the information contained within the records were "accurate, complete, timely, and relevant for agency purposes," in violation of 5 U.S.C. § 552a(e)(6).

45.  The USAF, acting for Defendant, violated 5 U.S.C. § 552a(e)(9) by intentionally or willfully failing to establish and implement rules of conduct for persons involved in the design, development, operation or maintenance of any system of records, or in maintaining any record, and Defendant has failed to instruct each person with respect to such rules and the penalties for non-compliance.

46.  The USAF, acting for Defendant, violated 5 U.S.C. § 552a(e)(10) by intentionally or willfully failing to establish appropriate administrative, technical and physical safeguards to ensure the security and confidentiality of records and to protect against any anticipated threats or hazards to their security or integrity which could result in substantial harm, embarrassment, inconvenience, or unfairness to any individual on whom information is maintained.

47. Agents for the USAF, acting for Defendant, intentionally and unlawfully disseminated specific information covered under the Privacy Act to individuals who had no need to know this information.

7

48.   The intentional and unlawful dissemination of this information caused Plaintiff pecuniary loss and physical and mental injury and suffering.

49.   Defendant is liable to Plaintiff for this unlawful and intentional disclosure as provided for under the Privacy Act.

### *Prayer for Relief*

WHEREFORE, Plaintiff prays that judgment be entered:

(a) awarding her monetary damages in the amount of $5,000,000.00 for the unlawful release of her records which caused her severe injury;

(b) ordering Defendant to expunge all records or information maintained by Defendant regarding Plaintiff that is inaccurate and/or derogatory, pursuant to 5 U.S.C. § 552a(g)(2)(A);

(c) awarding reasonable attorney's fees and costs of this action in accordance with the Privacy Act, including but not limited to 5 U.S.C. § 552a(g)(2)(B) and 5 U.S.C. § 552a(g)(3)(B); and

(d) ordering such other and further relief as may, in the circumstances, be just and proper.

Respectfully submitted,

David P. Sheldon (DC Bar # 446039)
Law Offices of David P. Sheldon, P.L.L.C.
512 8th Street, S.E.
Washington, DC  20003
Tel: 202.546.9575
Fax: 202.546.0135

*Attorney for Plaintiff*

8