UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JENNIFER L. LOMBRANO, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-0872 (DLF) |
| | ) | |
| DEPARTMENT OF THE AIR FORCE, | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

**MOTION TO DISMISS AND MEMORANDUM IN SUPPORT THEREOF**

# TABLE OF CONTENTS

Table of Contents.................................................................................................................. i

Table of Authorities ............................................................................................................ ii

Background .......................................................................................................................... 1

Plaintiff's Claims ................................................................................................................ 2

Standard of Review ............................................................................................................. 3

Argument ............................................................................................................................. 4

        I.      Plaintiff's Complaint is Devoid of Factual Allegations that Support the Legal Theories She Purports to Advance in this Case ....................................................... 5

       II.    Plaintiff's Failure to Plead Damages is Fatal to Her Privacy Act Claims .............. 6

Conclusion .......................................................................................................................... 9

## TABLE OF AUTHORITIES

**Cases**                                                                Page(s)

*Armstrong v. Geithner*,
    608 F.3d 854 (D.C. Cir. 2010) ........................................................................... 5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ......................................................................................... 4

*Atherton v. D.C. Off. of Mayor*,
    567 F.3d 672 (D.C. Cir. 2009) ........................................................................... 3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...................................................................................... 3, 4

*Chambers v. Dep't of Interior*,
    568 F.3d 998 (D.C. Cir. 2009) ........................................................................... 6

*Fed. Aviation Admin. v. Cooper*,
    566 U.S. 299 (2012) ...................................................................................... 6, 8

*Doe v. Dep't of Just.*,
    660 F. Supp. 2d 31 (D.D.C. 2009) ..................................................................... 6

*Earle v. Holder*,
    Civ. A. No. 11-5280, 2012 WL 1450574 (D.C. Cir. Apr. 20, 2012) ........................ 7

*Haines v. Kerner*,
    404 U.S. 519 (1972) ......................................................................................... 4

*In re U.S. Off. of Pers. Mgmt. ("OPM") Data Sec. Breach Litig.*,
    928 F.3d 42 (D.C. Cir. 2019) ............................................................................. 4

*Kowal v. MCI Commc'ns Corp.*,
    16 F.3d 1271 (D.C. Cir. 1994) ........................................................................ 4, 7

*Pippinger v. Rubin*,
    129 F.3d 519 (10th Cir. 1997) ........................................................................... 5

*Richardson v. Board of Governors of Federal Reserve System*,
    288 F. Supp. 3d 231 (D.D.C. 2018) .................................................................. 7, 8

**Statutes, Rules and Regulations**

5 U.S.C. § 552a(b) ................................................................................................ 2, 5

5 U.S.C. § 552a(e)(6)...............................................................................................................2

 5 U.S.C. § 552a(e)(9)..............................................................................................................3

5 U.S.C. § 552a(g)(4)...............................................................................................................6

5 U.S.C. § 552a(g)(4)(A)..........................................................................................................7

Fed. R. Civ. P. 8(a) ...................................................................................................................3

Fed. R. Civ. P. 12(b)(6)............................................................................................................3

Defendant, the Department of the United States Air Force ("Department" or "Air Force"), by and through undersigned counsel, respectfully submits this memorandum in support of its motion to dismiss Plaintiff's Complaint, ECF No. 1, pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(6).

## BACKGROUND[1]

On March 31, 2021, Plaintiff, Jennifer Lombrano, filed the present action, ECF No. 1, alleging that the Department of the United States Air Force violated the Privacy Act. Compl. ¶¶ 42-49. As a basis for the complaint, Plaintiff alleges that she served as an oral and maxillofacial surgeon for the United States Public Health Service pursuant to a Memorandum of Agreement with the Air Force at the SouthCentral Foundation, in Anchorage, Alaska from 2005 until she was terminated on September 2, 2020. *Id*. ¶¶ 15-16. The SouthCentral Foundation is an Alaska Native-owned, nonprofit health care organization which serves nearly 65,000 Alaska Native and American Indian people living in Anchorage, Matanuska-Susitna Borough and 55 rural villages. *Id*. ¶ 17.

During the time of the allegations, Ms. Lombrano suggests that she suffered from severe panic attacks resulting from personal and professional issues, which in turn led to Plaintiff seeking outpatient mental health care at Joint Base Elmendorf-Richardson, a Department of Defense Medical Treatment Facility, where she was ultimately admitted to the inpatient Behavioral Health Unit. *Id*. ¶¶ 20, 22, 23, 26. At the time of her admission, personnel at the Joint Base confiscated and inventoried her personal belongings, which included three 2 milligram gummy bears infused with THC, the metabolite for marijuana. *Id*. ¶¶ 28-29. According to Ms. Lombrano, thereafter, a

---

[1]    Any facts drawn from the allegations in Plaintiff's Complaint are adopted for purposes of this motion only.

law enforcement investigator questioned her regarding the THC gummy bears and she suggested that the THC gummy bears did not belong to her but that her friends who accompanied her on a recent camping trip left them in a bag that they shared.  *Id.* ¶ 30.

The following day, on August 15, 2020, Plaintiff and her husband, William Crabtree, Sr., met with the attending psychiatrist at the inpatient behavioral clinic at the Joint Base, namely  Air Force Colonel Christine Campbell.  *Id.* ¶ 31.  During the meeting, Colonel Campbell communicated with Plaintiff that she had contacted Plaintiff's employer, the SouthCentral Foundation, that she had spoken with Plaintiff's supervisor, and that she had disclosed Plaintiff's medical condition and her mental state.  *Id.* ¶ 32.  Two days later, on August 17, 2020, Plaintiff made a complaint to Colonel Sunderland, the Mental Health Flight Commander about a "HIPPA violation."  *Id.* ¶ 34.  Plaintiff was subsequently terminated in a September 2, 2020, letter issued by Karen McIntire, Senior Director of Human Resources for SouthCentral Foundation.  *Id.* ¶ 36.

**PLAINTIFF'S CLAIMS**

While Plaintiff's factual allegations center on the Air Force's disclosure of information to SouthCentral Foundation where Plaintiff was stationed as an office in the Public Health Service, Plaintiff does not mention the non-disclosure provisions of the Privacy Act, Section 552a(b), or purport to base a claim on those provisions.  *See* Compl. ¶¶ 38-40, 44-46.  Instead, Plaintiff alleges that the Air Force violated three requirements of Section 552a(e), namely:

1.      That the Air Force made a disclosure "without making any reasonable efforts to assure that the information contained within the records were 'accurate, complete, timely, and relevant for agency purposes,' in violation of 5 U.S.C. § 552a(e)(6)."  Compl. ¶ 44;

2.      That the Air Force failed "to establish and implement rules of conduct for persons involved in the design, development, operation or maintenance of any system of records, or in

maintaining any record" and failed to "instruct each person with respect to such rules and the penalties for non-compliance[,]" in violation of Section 552a(e)(9). Compl. ¶ 45; and

3. That the Air Force failed to "establish appropriate administrative, technical and physical safeguards to ensure the security and confidentiality of records and to protect against any anticipated threats or hazards to their security or integrity which could result in substantial harm, embarrassment, inconvenience, or unfairness to any individual on whom information is maintained[,]" in violation of Section 552a(e)(10). Compl. ¶ 46.

As for relief, Plaintiff asks that the Court award her $5,000,000 in monetary damages, order Defendant to expunge all records or information regarding Plaintiff that is inaccurate and/or derogatory, and award reasonable attorney's fees and costs. *See* Complaint at "Prayer for Relief."

## STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), "in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 12(b)(6) authorizes parties to challenge the sufficiency of a complaint on the ground that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When presented with a Rule 12(b)(6) motion, courts must accept as true the well-pleaded factual allegations contained in the complaint. *Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009).

Although "detailed factual allegations" are not necessary to withstand a motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff, including *pro se* litigants whose pleadings are construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."

*Twombly*, 550 U.S. at 555.  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Twombly*, 550 U.S. at 557).  Instead, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.

A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.* at 556.  The tenet that a court must accept allegations as true does not apply to recitals of the elements of a cause of action supported only by conclusory statements.  *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555); *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) ("[T]he court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint . . . [n]or must the court accept legal conclusions cast in the form of factual allegations.").

## ARGUMENT

The D.C. Circuit has explained that "[t]o unlock the Privacy Act's waiver of sovereign Immunity and state a cognizable claim for damages, a plaintiff must allege that (i) the agency 'intentional[ly] or willful[ly]' violated the Act's requirements for protecting the confidentiality of personal records and information; and (ii) [she] sustained 'actual damages' (iii) 'as a result of' that violation." *In re U.S. Off. of Pers. Mgmt. ("OPM") Data Sec. Breach Litig.*, 928 F.3d 42, 62 (D.C. Cir. 2019) (quoting 5 U.S.C. § 552a(g)(4)) (first and second alterations in original). A plaintiff must plausibly allege facts supporting each element.  *See id.*  Plaintiff has failed to plead facts that satisfy these elements.

- 4 -

**I.      Plaintiff's Complaint is Devoid of Factual Allegations that Support the Legal Theories She Purports to Advance in this Case.**

As noted above, the facts pled in Plaintiff's complaint discuss the Air Force's alleged disclosure of information to the SouthCentral Foundation where Plaintiff was stationed as an office in the Public Health Service. But Plaintiff's complaint does not purport to assert a violation of Section 552a(b), the portion of the Privacy Act that limits an agency's ability to disclose records stored in a system of records.[2] Instead, Plaintiff brings claims alleging that the Air Force did not (i) verify the accuracy of the information in its disclosure; (ii) create sufficient rules of conduct for Air Force personnel who designed, developed, operate, or maintained its system of records; and (iii) establish safeguards to ensure the security of records in its system of records. Compl. ¶¶ 38-40, 44-46 (citing 5 U.S.C. §§ 552a(e)(6), (9), (10)). Plaintiff's complaint, however, contains no facts that make any of these claims plausible.

*First*, Plaintiff does not allege that Colonel Campbell's disclosure of Plaintiff's medical condition, mental state, or drug possession was inaccurate. Indeed, aside from describing those subject matters, Plaintiff does not plead what Colonel Campbell actually said about them to the SouthCentral Foundation. *See generally* Compl. ¶¶ 32-33. In all events, Plaintiff does not allege facts suggesting that any disclosure by Colonel Campbell was inaccurate, dooming Plaintiff's

---

[2]      Plaintiff's omission of a Section 552a(b) claim was likely for a good reason. Any such claim would most certainly be untenable. The Privacy Act only prohibits the disclosure of information from a record maintained in an agency system of records (subject to several exemptions). 5 U.S.C. § 552a(b). The person that Plaintiff identifies as making the disclosure in this case, Colonel Campbell, was the attending psychiatrist at the Behavioral Health Unit where Plaintiff was being treated, Compl. ¶ 31, and obviously had a source of information regarding Plaintiff's mental state, medical condition, and improper drug possession other than such a record —namely, her own personal knowledge. As such, Plaintiff could not plausibly plead a violation of Section 552a(b). *See, e.g., Armstrong v. Geithner*, 608 F.3d 854, 860 (D.C. Cir. 2010) ("[T]he Privacy Act does not prohibit disclosure of information or knowledge obtained from sources other than 'records.' In particular, it does not prevent federal employees or officials from talking—even gossiping—about anything of which they have non-record-based knowledge." (quoting *Pippinger v. Rubin*, 129 F.3d 519, 531 (10th Cir. 1997)).

Section 552a(e)(6) claim. *Doe v. Dep't of Just.*, 660 F. Supp. 2d 31, 43 (D.D.C. 2009) (dismissing Plaintiff's (e)(6) claim "[b]ecause plaintiff has failed to show that there was an 'error in the records'").

*Second,* Plaintiff makes no attempt to plead appropriate challenges to the Air Force's Privacy Act rules, which are province of claims under Section 552a(e)(9) and (e)(10). For example, "[t]o successfully state a claim under these subsections, plaintiff must identify a 'rule or safeguard . . . that [the agency] should have established but did not.'" *Doe*, 660 F. Supp. 2d at 43 (quoting *Chambers v. Dep't of Interior*, 568 F.3d 998, 1008 (D.C. Cir. 2009) ("[Plaintiff] has not identified any rule or safeguard [ ] that [the agency] should have established but did not.")). Plaintiff here fails to meet this threshold showing. Moreover, Plaintiff pleads no facts regarding the rules governing or training offered to the Air Force's system of records creators or administrators or describing how any such rules or training are inadequate. Similarly, Plaintiff does not allege that the Air Force's Privacy Act system of records were hacked or improperly accessed because of improper safeguards. To the contrary, Plaintiff pleads that Colonel Campbell was the attending psychiatrist in the behavioral unit that was treating her when Colonel Campbell supposedly made a disclosure to her employer.

Because Plaintiff fails to plead facts to make her specific Privacy Act claims plausible, the Court should dismiss Plaintiff's complaint.

## II.     **Plaintiff's Failure to Plead Damages is Fatal to Her Privacy Act Claims.**

Even had Plaintiff adequately pled Section 552a(e)(6), (9), or (10) claims (which she obviously has not), to state a claim for money damages under the Privacy Act, Plaintiff must plead facts plausibly showing, among other things, that she suffered "actual damages" as a result of the alleged Privacy Act violation. 5 U.S.C. § 552a(g)(4). This is "limited to proven pecuniary or economic harm." *Cooper*, 566 U.S. at 299. The United States retains sovereign immunity for all

- 6 -

non-economic harms, including "loss of reputation, shame, mortification, injury to the feelings and the like." *Id.* at 1441, 1451, 1453, 1456. The failure to establish monetary damages is fatal to a Privacy Act claim. *See id.* at 1450-51 (explaining that "the Privacy Act's remedial provision authorizes plaintiffs to recover . . . but only if they prove at least some 'actual damages'") (quoting 5 U.S.C. § 552a(g)(4)(A)); *see also Earle v. Holder*, No. 11-5280, 2012 WL 1450574, at *1 (D.C. Cir. Apr. 20, 2012) (affirming dismissal of Privacy Act claim for failure to plead "actual damages" specifically).

Here, Plaintiff fails to plead any facts showing that she has sustained actual damages regarding the alleged disclosures. Plaintiff only states that she "has suffered both economic and non-economic damages due to the unlawful and intentional disclosure of this confidential information." Compl. ¶ 41. In her Prayer for Relief, Plaintiff requests monetary damages in the amount of $5,000,000.00 for the "unlawful release of her records which caused her severe injury." *See* Compl. "Prayer for Relief." Plaintiff's allegations that she suffered a present and future financial harm regarding her prospects as a future dental surgeon are insufficient to meet the actual damages requirement of the Privacy Act.

The Court in *Richardson v. Board of Governors of Federal Reserve System*, 288 F. Supp. 3d 231, 237 (D.D.C. 2018) was faced with a similar question and rejected plaintiff's claims in the context of a Privacy Act claim. In *Richardson*, plaintiff, an employee who had been terminated from the Board of Governors ("Board"), alleged that two board employees illegally obtained his cellphone records and released them to other members of the Board, thereby violating the Privacy Act. *Id.* at 234. After denial of defendant's motion to dismiss, the Board moved for reconsideration, resting on its argument that plaintiff had not alleged actual pecuniary damages. *Id.* at 236. There, plaintiff alleged "adverse and harmful effects, including, but not limited to,

mental distress, emotional trauma, embarrassment, humiliation, and lost or jeopardized present and future financial opportunities," and that he had been unemployed since the Board's termination of his employment. *Id*. at 237. Plaintiff attributed his continued unemployment to the Board's actions. The court, upon review of plaintiff's claims, held that plaintiff failed to allege "sufficient facts to sustain claims of actual damages." *Id*. (finding that the relevant counts "contain no such allegations attempting to link any improper acts by the Board to Mr. Richardson's continuing unemployment."). A similar result is warranted here.

Plaintiff's complaint provides only a conclusory statement regarding the damages she seeks and a benign statement that she has suffered economic and non-economic damages. Moreover, Plaintiff fails to demonstrate that any of the Air Force's actions cut her future opportunities short. These bald and insufficient allegations do not come close to satisfying plaintiff's obligation to plausibly plead "pecuniary or economic harm." *Cooper*, 566 U.S. at 299. Accordingly, because Plaintiff fails to plead actual damages, her complaint must be dismissed for failure to state a claim.

*       *       *

**CONCLUSION**

For these reasons, Plaintiff fails to state the specific claims she purports to bring under the Privacy Act, and thus, the Court should dismiss Plaintiff's Complaint.

Dated: July 19, 2021

Respectfully submitted,

CHANNING D. PHILLIPS,
D.C. Bar #415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By: /s/ *Dedra S. Curteman*
DEDRA S. CURTEMAN
Illinois Bar #6279766
Assistant United States Attorney
555 Fourth Street, NW
Washington, DC 20530
(202) 252-2550
dedra.curteman@usdoj.gov

*Attorneys for the United States of America*