UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JENNIFER L. LOMBRANO,

　　　　　Plaintiff,

　　v.　　　　　　　　　　　　　　　　　Civil Action No. 21-0872 (DLF)

DEPARTMENT OF THE AIR FORCE,

　　　　　Defendant.

## ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant, Department of the Air Force, by and through undersigned counsel, hereby answers Plaintiff's Second Amended Complaint (ECF No. 38).  Defendant denies each allegation of the Second Amended Complaint not expressly admitted in its Second Amended Answer and admits, denies, or otherwise responds to the numbered paragraphs of the Amended Complaint as follows:

## SECOND AMENDED COMPLAINT[1]
**(Privacy Act, 5 U.S.C. § 552a)**

### *Jurisdiction*

1.　　　The allegations contained in Paragraph 1 are conclusions of law to which no response is required.  To the extent a response is required, Defendant admits that this Court has jurisdiction under 5 U.S.C. § 552a.

---

[1]　　For ease of reference, Defendant refers to Plaintiff's headings and titles, but to the extent those headings could be construed to contain factual allegations concerning Defendant, those allegations are denied.

*Venue*

2.      The allegations contained in Paragraph 2 are conclusions of law to which no response is required.  To the extent a response is required, Defendant admits that this Court has venue under 28 U.S.C. § 1391(b) and that Defendant's principal headquarters is located in the District of Columbia.

*Parties*

3.      Defendant admits that Plaintiff is a United States Citizen, was employed by the United States Public Health Service as a commissioned officer in the United States Public Health Service and was honorably discharged in February 2021.  With respect to the remaining allegation, Defendant lacks knowledge or information to form a belief as to the truth of the allegation.

4.      Defendant admits the allegations contained in Paragraph 4.

*Statute of Limitations*

5.      The allegations contained in the first and second sentence of Paragraph 5 are conclusions of law to which no response is required.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5.

*Statutory Framework*

6.      The allegations contained in Paragraph 6 are conclusions of law to which no response is required.

7.      The allegations contained in Paragraph 7 are conclusions of law to which no response is required.

8.      The allegations contained in Paragraph 7 are conclusions of law to which no response is required.

9.      The allegations contained in Paragraph 9 are conclusions of law to which no response is required.

10.     The allegations contained in Paragraph 10 are conclusions of law to which no response is required.

### *Predicate Factual Background*

11.     Defendant lacks knowledge and sufficient information to form a belief as to the truth of the allegations contained in Paragraph 11.

12.     Defendant lacks knowledge and sufficient information to form a belief as to the truth of the allegations contained in Paragraph 12.

13.     Defendant lacks knowledge and sufficient information to form a belief as to the truth of the allegations contained in Paragraph 13.

14.     Defendant lacks knowledge and sufficient information to form a belief as to the truth of the allegations contained in Paragraph 14.

15.     Defendant admits the allegations contained in Paragraph 15

16.     Defendant lacks knowledge and sufficient information to form a belief as to the truth of the allegations contained in Paragraph 16 regarding a Memorandum of Agreement, date of employment with the Southcentral Foundation, conditions of her employment, or her date of termination.  Defendant admits that Plaintiff was an Oral and Maxillofacial surgeon on active duty, serving as a commissioned corps officer in the United States Public Health Service.

17.     Defendant lacks knowledge and sufficient information to form a belief as to the truth of the allegations contained in Paragraph 17.

18.     Defendant lacks knowledge and sufficient information to form a belief as to the truth of the allegations contained in Paragraph 18.

*The Unlawful and Improper Dissemination of Information*
*Maintained by the Air Force in Plaintiff's Case*

19.    Defendant incorporates its responses to Paragraphs 1–18 as if set forth fully herein.

20.    Defendant admits the first portion of allegations in Paragraph 20 but lacks knowledge and sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 20.

21.    Defendant lacks knowledge and sufficient information to form a belief as to the truth of the allegations contained in Paragraph 21.

22.    Defendant admits the allegations contained in Paragraph 22.

23.    Defendant admits the allegations in Paragraph 23.

24.    Defendant lacks knowledge and sufficient information to form a belief as to the truth of the allegations contained in Paragraph 24.

25.    Defendant lacks knowledge and sufficient information to form a belief as to the truth of the allegations contained in Paragraph 25.

26.    Defendant lacks knowledge and sufficient information to form a belief as to the truth of the allegations contained in Paragraph 26.

27.    Defendant lacks knowledge and sufficient information to form a belief as to the truth of the allegations contained in Paragraph 27.

28.    Defendant denies the allegations contained in Paragraph 28.

29.    With respect to the allegations contained in Paragraph 29, Defendant admits that hospital officials seized a substance infused with THC, the metabolite for marijuana, during an inventory search, and avers that the substances seized were THC capsules, but lacks knowledge and sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 29.

- 4 -

30. With respect to the allegations contained in Paragraph 30, Defendant admits that law enforcement investigator, Wyatt Eichner, arrived at the inpatient Behavioral Health Unit, avers that Mr. Eichner seized the THC capsules, denies that he questioned Plaintiff but lacks knowledge and sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 30.

31. Defendant denies the allegations contained in Paragraph 31.

32. Defendant admits the allegations in the first sentence in Paragraph 32. Defendant denies the remaining allegations contained in Paragraph 32.

33. Defendant denies the allegations contained in Paragraph 33.

34. Defendant denies the allegations contained in Paragraph 34.

35. Defendant lacks knowledge and sufficient information to form a belief as to the truth of the allegations contained in Paragraph 35.

36. Defendant denies the allegations contained in Paragraph 36.

37. Defendant denies the allegations contained in Paragraph 37.

38. Defendant admits that on or about August 12, 2020, Plaintiff met with Colonel Christine Campbell, United States Air Force, an attending psychiatrist in the inpatient psychiatric unit at Joint Base Elmendorf-Richardson, and avers that on an unknown date, Plaintiff explained that she intended to seek treatment at an inpatient facility in Seattle, Washington. Defendant lacks knowledge and sufficient information to form a belief as to the remaining allegations contained in Paragraph 38.

39. In response to the allegations contained in Paragraph 39, Defendant avers that Colonel Campbell made a disclosure in accordance with paragraph 6.6, Air Force Instruction 44-172 and Department of Defense Instruction 6490.08.

40.    Defendant denies the allegations contained in Paragraph 40.

41.    In response to the allegations contained in Paragraph 41, Defendant denies that Plaintiff made a formal complaint and avers that Plaintiff was concerned about a HIPPA violation during a conversation with Colonel Sunderland.

42.    Defendant denies the allegations contained in Paragraph 42.

43.    Defendant denies the allegations contained in Paragraph 43.

44.    Defendant denies the allegations contained in Paragraph 44.

45.    Defendant denies the allegations contained in Paragraph 45.

46.    Defendant denies the allegations contained in Paragraph 46.

47.    Defendant denies the allegations contained in Paragraph 47.

48.    Defendant denies the allegations contained in Paragraph 48.

49.    Defendant denies the allegations contained in Paragraph 49.

50.    Defendant denies the allegations contained in Paragraph 50.

51.    Defendant denies the allegations contained in Paragraph 51 and denies any violation of law.

52.    Defendant denies the allegations contained in Paragraph 52 and denies any violation of law.

### *Legal Claim*

**The actions of the United States Air Force violated the Privacy Act.**

53.    Defendant incorporates its responses to Paragraphs 1–52 as if set forth fully herein.

54.    Defendant denies the allegations contained in Paragraph 54.

55.    Defendant denies the allegations contained in Paragraph 55 and denies any violation of law.

- 6 -

56.     Defendant denies the allegations contained in Paragraph 56 and denies any violation of law.

57.     Defendant denies the allegations contained in Paragraph 57 and denies any violation of law.

58.     Defendant denies the allegations contained in Paragraph 58 and denies any violation of law.

59.     Defendant denies the allegations contained in Paragraph 59 and denies any violation of law.

60.     Defendant denies the allegations contained in Paragraph 60 and denies any violation of law.

## PRAYER FOR RELIEF

The remaining portions of the Second Amended Complaint contain Plaintiff's request for relief to which no response is required.  To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## DEFENSES

Any allegations not specifically admitted, denied, or otherwise responded to are hereby denied.  In further response to the Second Amended Complaint, Defendant raises the following defenses.  Defendant respectfully reserves the right to amend, alter, and supplement the defenses contained in this Second Amended Answer as the facts and circumstances giving rise to the Second Amended Complaint become known to Defendant throughout the course of this litigation.

## FIRST DEFENSE

Plaintiff has failed to state a claim against Defendant under the Privacy Act, 5 U.S.C. § 552a, upon which relief can be granted.

- 7 -

## SECOND DEFENSE

Any disclosures of information by Defendant were authorized under 5 U.S.C. § 552a(b).

## THIRD DEFENSE

Plaintiff has failed to allege or otherwise demonstrate that any disclosures made by Defendant resulted in her termination from the Southcentral Foundation.

## FOURTH DEFENSE

Plaintiff has failed to allege or otherwise demonstrate that any damages sustained were as a result of her termination from the Southcentral Foundation

Dated: March 21, 2025
Washington, D.C.

Respectfully submitted,

EDWARD R. MARTIN, JR.
   D.C. Bar #481866
United States Attorney


By:    /s/ Dedra S. Curteman
DEDRA S. CURTEMAN,
   D.C. Bar #90021492
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2550

*Attorneys for the United States of America*